**Edward J. COLIZZA, Eugene H. Thomas, Richard A. Swann, Francis M. Sincak, and Mario A. Bersani, Plaintiffs,**

v.

**UNITED STATES STEEL CORPORATION, Defendant.**

**Civ. A. No. 86–561.**

United States District Court, W.D. Pennsylvania.

Aug. 19, 1987.

Robert N. Pierce, Jr., Suzanne J. Hayden, Pittsburgh, Pa., for plaintiffs.

James R. Duffy, Dawne S. Hickton, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiffs are five former employees of United States Steel's Homestead Works. On March 23, 1984, the division in which they were employed was shut down and plaintiffs were laid off. Plaintiffs have all completed at least 19 years and 6 months of service with United States Steel, leaving them on the brink of qualifying for a special 20 year pension.

Plaintiffs filed suit alleging a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and common law breach of contract for alleged violations of the Basic Labor Agreement and the pension plan. Plaintiffs subsequently amended the complaint to add a cause of action under ERISA, 29 U.S.C. § 1140, alleging that they were terminated for the express purpose of preventing them from attaining pension rights under the plan.

Defendant filed a Motion to Dismiss or for Summary Judgment. Because the parties have filed evidentiary material we will treat the motion as one for summary judgment.

Defendant argues that plaintiffs' common law breach of contract claims, counts II—IV, were pre-empted by the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, or in the alternative that they were barred for the failure to exhaust grievance procedures. Plaintiffs do not oppose defendant's motion on this issue and summary judgment will therefore be granted in favor of defendant on counts II—IV.

■ The remaining Counts, alleging violations of the ADEA and ERISA, are somewhat more complex. On the ADEA claim, defendant argues that plaintiffs were not replaced by younger men because their entire division was eliminated, and further, that they were laid-off and not recalled pursuant to a bona fide seniority system, an exception to the ADEA. 29 U.S.C. § 623. Plaintiffs allege and support with some evidentiary material that plaintiff's work was contracted out to other companies who may or may not have younger employees (only discovery will tell) and further that plaintiffs were entitled to other jobs within this plant or at other plants but defendant selected younger employees to the exclusion of plaintiffs. Although plaintiffs' brief is confusing, defendant's is no better, and neither party addresses the particular provisions of the seniority system.

We therefore conclude that on the present record defendant has failed to negate the existence of material issues of fact. Summary Judgment on the ADEA claim will therefore be denied.

■ As to the ERISA Count, defendant argues that the Act does not apply to the particular benefits plan, citing *Sutton v. Weirton Steel*, 724 F.2d 406 (4th Cir.1983).

The plaintiffs in the case at bar were laid-off just short of qualifying for Rule of 65 pensions, i.e., pensions which are available when an employee's age and service equal or exceed 65, with a minimum of 20 years service. However, these pensions are paid not from a fund but from the company treasury, and are paid *only* in the event of a plant shutdown or two year lay-off. These pensions are therefore unfunded and contingent upon the occurrence of some factor other than attainment of a particular age and/or term of service. The Fourth Circuit in *Sutton,* in the context of the sale of a company, held that such benefits were not subject to ERISA.

However, more persuasive reasoning, based on more closely related facts, is found within this Circuit. In *McLendon v. Continental Group, Inc.*, 602 F.Supp. 1492 (D.N.J.1985), plaintiffs filed a class action suit alleging that they were discharged in order to prevent them from obtaining pensions of the same type claimed by plaintiffs here. Defendant sought summary judgment, arguing that ERISA did not apply to a contingent, unfunded benefits plan. The court rejected defendant's argument and we adopt its reasoning here. Summary judgment on Count V—ERISA will therefore be denied.

We take this opportunity to note that the parties have thus far failed to address issues which we believe may be central to the further conduct of this litigation. Because plaintiffs allege that defendant violated the ADEA by violating provisions of the collective bargaining agreement, this case places the ADEA on a direct collision course with the arbitration and exhaustion principles associated with the LMRA. Similar concerns arise with the ERISA claims.

See *McLendon,* 602 F.Supp. at 1500–1506. We expect counsel to diligently explore these issues and to promptly raise by appropriate motion such issues as are contested.

For the reasons stated, summary judgment will be granted in favor of defendant on Counts II—IV and denied on Counts I and V.